THE HONORABLE JOHN H. CHUN

1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8    AT SEATTLE

9

10   MICHELLE MCGEE, individually and on      No. 2:23-cv-01875
behalf of all others similarly situated,
11                                            **NORDSTROM, INC.'S REPLY IN**
Plaintiff,          **SUPPORT OF MOTION TO COMPEL**
12          v.                                **ARBITRATION**

13   NORDSTROM INC.,

14                      Defendant.            **NOTED FOR CONSIDERATION:**
                                              **July 26, 2024**
15

16

17

18

19

20

21

22

23

24

25

26

NORDSTROM INC.'S REPLY IN SUPPORT OF           DLA Piper LLP (US)
MOTION TO COMPEL ARBITRATION - i              701 Fifth Avenue, Suite 6900
Case No. 2:23-cv-01875                        Seattle, WA 98104-7029 | Tel: 206.839.4800

1611706014.5

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.    ARGUMENT ................................................................................................ 2

    A.    Plaintiff Does Not Deny She Agreed to Arbitrate Her Claims. ........................................... 2

    B.    Plaintiff Does Not—and Cannot—Deny She Used the Point-Of-Sale Enrollment Screen to Enroll in the Nordstrom Rewards Program and Agree to the Terms. ........................................... 4

    C.    Plaintiff Fails to Meet Her Burden for Her Motion to Strike. ........................................... 5

    D.    Nordstrom's In-Store Signs and Brochure Provided Additional Notice of the Terms. ...... 7

    E.    Plaintiff's Claims Are Subject to the Arbitration Agreement. ........................................... 9

        1.    The Parties Agreed That the Issue of Arbitrability Must Go to the Arbitrator. .............. 9

        2.    The 2018 Terms and 2023 Terms Both Encompass Plaintiff's Complaint. ................. 10

III.    CONCLUSION ................................................................................................ 11

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - i
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Alcantar v. City of Centralia*,
     2023 WL 6389339 (W.D. Wash. Oct. 2, 2023) ..................................................................3, 10

5

6

*Bell v. Jackson*,
     2011 WL 6968322 ....................................................................................................................3

7

8

*Brennan v. Opus Bank*
     796 F.3d 1125, 1130 (9th Cir. 2015) .....................................................................................10

9

*British Airways Bd. v. Boeing Co.*,
     585 F.2d 946 (9th Cir. 1978) ....................................................................................................2

10

11

*Burnett v. Pagliacci Pizza, Inc.*,
     196 Wash.2d 38 (2020) .............................................................................................................9

12

13

*Derderian v. Sw. & Pac. Specialty Fin., Inc.*,
     673 F. App'x 736 (9th Cir. 2016) .........................................................................................5, 6

14

*Dougan v. Children's Place, Inc.*,
     No. 21-80014 (9th Cir.) 2020 WL 6286812, at *2 (W.D. Wash. Oct. 27, 2020) .................7, 8

15

16

*Ekin v. Amazon Servs., LLC*,
     84 F. Supp. 3d 1172 (W.D. Wash. 2014) ...............................................................................11

17

18

*Ekin v. Amazon Servs., LLC*,
     No. C14-0244-JCC, 2015 WL 11233144 (W.D. Wash. Feb. 10, 2015) .................................11

19

20

*Gonzalez v. City of Fife, Wash.*,
     2008 WL 2482010 (W.D. Wash. June 17, 2008) ......................................................................6

21

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
     586 U.S. 63 (2019) ..................................................................................................................10

22

23

*Hunichen v. Atonomi LLC*,
     2019 WL 7758597 (W.D. Wash. Oct. 28, 2019) ......................................................................8

24

*Ligeri v. Amazon.com Inc.*,
     2024 WL 839231 (D. Conn. Feb. 28, 2024) .............................................................................7

25

26

*Milgard Mfg., Inc. v. Liberty Mut. Ins. Co.*,
     2015 WL 4898902 (W.D. Wash. Aug. 17, 2015) .....................................................................6

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - ii
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

*Nelson v. Cyprus Bagdad Copper Corp.*,
    119 F.3d 756 (9th Cir. 1997) ........................................................................................9

*Parent v. Langdan*,
    2023 WL 8258616 (W.D. Wash. Nov. 29, 2023) .........................................................3

*Schnabel v. Trilegiant Corp.*,
    697 F.3d 110 (2d Cir. 2012)..........................................................................................8

*Sea-Land Serv., Inc. v. Lozen Int'l, LLC*,
    285 F.3d 808 (9th Cir. 2002) .........................................................................................5

*Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*,
    999 F.3d 828 (2d Cir. 2021)..........................................................................................8

*Stuart v. UNUM Life Ins. Co. of Am.*,
    217 F.3d 1145 (9th Cir. 2000) .......................................................................................6

*U.S. v. Rubier*,
    651 F.2d 628 (9th Cir. 1981) .........................................................................................6

*Vardanyan v. Port of Seattle*,
    2012 WL 1821212 (W.D. Wash. May 17, 2012)..........................................................2

*Williams v. Warner*,
    2017 WL 1753531 (W.D. Wash. Apr. 3, 2017).............................................................2

*Wilson v. Huuuge, Inc.*,
    944 F.3d 1212 (9th Cir. 2019) .......................................................................................8

**Other Authorities**

Fed. R. Civ. P. 56.................................................................................................................2

Fed. R. Civ. P. 803(6) .....................................................................................................5, 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - iii
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

## I.    INTRODUCTION

In her Opposition, Plaintiff ***does not dispute, and therefore concedes*** that she enrolled in the Nordstrom Rewards Program and agreed to its Terms and Conditions ("Terms") containing the arbitration agreement. The Court's inquiry should end there.

Unable to actually deny that she agreed to arbitrate her claims, Plaintiff resorts to evidentiary objections, all of which fail. First, Plaintiff's focus on the fact that the example enrollment screen Nordstrom cites refers to "Nordy Club Member" rather than "Rewards Member"—due to the Nordy Club rebrand in the Fall of 2018—is simply an attempt to divert from the fact that Plaintiff *does not dispute* she pressed "YES" on the enrollment screen and consented to the Terms. To remove any doubt, however, Nordstrom has attached to this Reply the enrollment screen in use from the time the Rewards Program was implemented up until the Nordy Club rebrand. *See* Declaration of Ryan Luckenbaugh ("Luckenbaugh Decl."), Ex. 1.

Second, Plaintiff's hearsay objections fail because, with the exception of a brief clause noted in the Supplemental Declaration of Alissa Hale, all of the attestations and exhibits in the Alissa Hale Declaration are either not hearsay in the first place or admissible under the business records exception.

Third, Plaintiff's citation to out-of-circuit and inapposite cases does not change the fact that Nordstrom provided additional notice of the Terms through in-store signs and brochures, and Plaintiff therefore had ample constructive notice of the Terms (in addition to her undisputed *affirmative* consent to the Terms).

Finally, Plaintiff's arguments regarding the scope of the Terms fail because the Terms expressly delegate issues of arbitrability to the arbitrator and, regardless, Plaintiff's claims clearly fall within the scope of the arbitration agreement's plain language.

Accordingly, Nordstrom respectfully requests the Court grant its Motion to Compel Arbitration and stay these proceedings pending the outcome of the arbitration.

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 1
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

## II.    ARGUMENT

**A.    Plaintiff Does Not Deny She Agreed to Arbitrate Her Claims.**

Plaintiff asserts that a summary judgment standard applies here (Opp. at 1), but even under that standard, Plaintiff fails to put forward any evidence to dispute—and does not deny—that she affirmatively assented to the Terms. The Court should grant Nordstrom's Motion for this reason alone.

On summary judgment, the moving party has the initial burden to show that there is no genuine issue of material fact and is entitled to judgment as a matter of law, at which point the burden shifts to the nonmoving party to "present[] specific facts" showing the evidence does not entitle the moving party to summary judgment. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-51 (9th Cir. 1978) (citations omitted); *see also Williams v. Warner*, 2017 WL 1753531, at *4 (W.D. Wash. Apr. 3, 2017) ("Once the moving party has carried its burden under Rule 56, the opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor.") (citation omitted).

And, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e); *see also Vardanyan v. Port of Seattle*, 2012 WL 1821212, at *5 (W.D. Wash. May 17, 2012) ("Plaintiff has produced no evidence to the contrary. Accordingly, the court considers the fact undisputed for the purposes of the motion [for summary judgment].").

Here, Nordstrom has put forward evidence, through undisputed electronic records, that Plaintiff affirmatively pressed "YES" on the enrollment screen consenting to the Terms on May 29, 2018 when she enrolled in the Rewards Program. *See* Dkt. No. 22 ("Savage Decl.") at ¶¶ 3-4, Ex. A. Plaintiff has not come forward with _any_ evidence to dispute this fact, and her Opposition glaringly omits any declaration from Plaintiff. This fact is therefore undisputed. *Vardanyan*, 2012 WL 1821212, at *5.

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 2
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Plaintiff's concessions do not end there. Plaintiff fails to dispute, and therefore concedes, the following facts set forth in the Motion:

- Plaintiff went to a Nordstrom Rack retail location in Reno, Nevada on May 29, 2018 where she made an in-store purchase. Mot. at 2.

- This Nordstrom Rack location had signage advertising the Nordstrom Rewards Program and stating: "For details, just ask a salesperson or go to nordstrom.com/rewards. Restrictions apply." *Id.*

- Brochures would have been on display at the point-of-sale, which explained that "for complete program details," Plaintiff could go to the URL nordstrom.com/rewardsterms, which contained a copy of the Terms. *Id.*

- Plaintiff enrolled in the Rewards Program and went through the process of enrolling on the point-of-sale screen. *Id.* at 3.

- During enrollment, Plaintiff provided her email address to Nordstrom. *Id.*; Savage Decl. Ex. A.

- To enroll, Plaintiff selected "YES" on the point-of-sale screen, confirming her agreement to the Rewards Program Terms. Mot. at 3. Plaintiff does not dispute the truth of the Savage Declaration, which attaches an electronic record from Plaintiff's transaction and states that the data "indicates whether customers provided their express consent to Nordstrom's terms and conditions" and "reflects that Plaintiff selected 'Yes' during this process." Savage Decl. at ¶ 4. Although Plaintiff argues Nordstrom "provides no evidence of the terms this purported 'consent' corresponded to" (Opp. at 2), Plaintiff still does not deny that she *agreed* to the Terms.

- After enrolling in the Rewards Program and agreeing to its Terms, Plaintiff never issued a notice opting out of the Terms' arbitration provisions. Mot. at 5.

- Plaintiff remains a member of the Rewards Program to this day. *Id.* at 4.

Plaintiff's evidentiary challenges do not change these undisputed facts, because "[t]he nonmoving [party] may not simply deny the veracity of everything offered or produce only a scintilla of evidence in hopes of creating a genuine factual dispute." *Parent v. Langdan*, 2023 WL 8258616, at *2 (W.D. Wash. Nov. 29, 2023) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *see also Bell v. Jackson*, 2011 WL 6968322, at *7 n. 4 (W.D. Wash. Nov. 1, 2011 ("The nonmovant must do more than simply deny the veracity of everything offered or show a mere 'metaphysical doubt as to the material facts.'") (citation omitted); *Alcantar v. City of Centralia*, 2023 WL 6389339, at *5 (W.D. Wash. Oct. 2, 2023) ("Plaintiffs do not address this argument, rather asserting genuine disputes exist regarding the officers' credibility. Failure to

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 3
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

respond to Defendants' argument in this regard constitutes waiver."). Moreover, as explained below, Plaintiff's evidentiary challenges fail.

**B.      Plaintiff Does Not—and Cannot—Deny She Used the Point-Of-Sale Enrollment Screen to Enroll in the Nordstrom Rewards Program and Agree to the Terms.**

Plaintiff first attacks the image of the point-of-sale enrollment screen that asked Plaintiff to consent to the Terms, arguing the example screen attached to the Hale Declaration postdated Plaintiff's enrollment in the Nordstrom Rewards Program, and therefore Plaintiff "never saw this screen." Opp. at 2. This is linguistic sleight of hand. The fact that Plaintiff did not see "this" exact version of the screen—due to the fact that it references the "Nordy Club," the rebranded name of the Rewards Program implemented a few months after Plaintiff enrolled—is immaterial. Plaintiff does not deny that she was presented with *an* enrollment screen asking her to agree to the Terms, or deny that she accepted the Terms by pressing "YES."

First, Plaintiff acknowledges Nordstrom's electronic record of her consent to the Terms. Opp. at 2. Tellingly, Plaintiff's various evidentiary objections do *not* seek to strike the Declaration of Tom Savage or dispute the admissibility of Nordstrom's electronic record (Savage Decl. Ex. A) establishing that Plaintiff pressed "YES," thereby affirmatively consenting to the Terms. Opp. at 2. Rather, Plaintiff vaguely argues that Nordstrom "provides no evidence of the terms this purported 'consent' corresponded to." Opp. at 2. That is incorrect. *See* Hale Decl. at ¶ 5 & Ex. C; Supplemental Declaration of Alissa Hale ("Supp. Hale Decl.") at ¶ 2.[1] More importantly, it is a deflection. The enrollment screen itself did not contain the Terms, but instead put Plaintiff on notice that the Terms governed her enrollment in the Rewards Program (and gave Plaintiff an opportunity to review them if she desired).

---

[1] In an abundance of caution, Nordstrom submits this supplemental declaration to clarify that Ms. Hale's statements in her June 28, 2024 declaration (Dkt. No. 21) are based on her personal knowledge and her review of Nordstrom's records maintained in the ordinary course of its business.

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 4
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1    Second, the enrollment screen language implemented at the time of Plaintiff's transaction

2  states, in no uncertain terms, that "By selecting Yes, you agree to Rewards Member Terms &

3  Conditions (ask salesperson for Terms)." Luckenbaugh Decl. ¶ 2, Ex. 1.[2]

4  **C.    Plaintiff Fails to Meet Her Burden for Her Motion to Strike.**

5    Unable to overcome the concession that she enrolled in the Nordstrom Rewards Program

6  and agreed to its Terms on May 29, 2018, Plaintiff resorts to various evidentiary attacks, seeking

7  to strike Paragraphs 2 through 9 of the Hale Declaration as impermissible hearsay. Opp. at 3-5. As

8  an initial matter, Plaintiff gives little explanation as to why each of these paragraphs constitute

9  impermissible hearsay and cites no cases in support. Regardless, these paragraphs do not constitute

10  impermissible hearsay for the reasons below.

11    Paragraph 2: This paragraph describes and attaches a business record properly before this

12  Court under Rule 803(6). *See* Hale Decl. at ¶ 2; Supp. Hale Decl. at ¶ 2; *Derderian v. Sw. & Pac.*

13  *Specialty Fin., Inc.*, 673 F. App'x 736, 738 (9th Cir. 2016) ("Li's declaration was based on

14  information she learned by personally reviewing her employer's business records, and the

15  substance of that declaration could be admitted at trial under the business-records exception to

16  hearsay."). The attached record of Plaintiff's transaction is a business record under Rule 803(6)

17  because it was created at the time of the transaction and Nordstrom keeps such customer

18  transaction records in the ordinary course of its business. *See* Hale Decl. at ¶¶ 1-2; Supp. Hale

19  Decl. at ¶ 2; *Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 819 (9th Cir. 2002) ("Rule

20  803(6) allows the admission of business records when 'two foundational facts are proved: (1) the

21  writing is made or transmitted by a person with knowledge at or near the time of the incident

22  recorded, and (2) the record is kept in the course of regularly conducted business activity.'") (citing

23  *United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985).

24

25

26  [2] Nordstrom submits the Luckenbaugh Declaration for the limited purpose of responding to the Opposition's evidentiary challenge. *See* LCR 7(b)(3) ("The moving party may … file with the clerk, and serve on each party that has appeared in the action, a reply brief in support of the motion, together with any supporting material … .").

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 5
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Paragraphs 4, 6, and 7: These paragraphs describe Nordstrom's historical processes at retail locations and attach the Nordstrom in-store sign and brochure regarding the loyalty program and the point-of-sale enrollment screen presented to a customer during the loyalty program enrollment process. *See* Hale Decl. Exs. B, E, F; Supp. Hale Decl. at ¶ 2. None of these documents are hearsay because they go directly toward notice and Plaintiff's knowledge of the Terms. *Milgard Mfg., Inc. v. Liberty Mut. Ins. Co.*, 2015 WL 4898902, at *2 (W.D. Wash. Aug. 17, 2015) ("out-of-court statements are not hearsay when offered to prove knowledge or notice"). The declarant's accompanying descriptions of these documents are permissible under Rule 803(6)'s exception for business records. Supp. Hale Decl. at ¶ 2; *Derderian*, 673 F. App'x at 738.

Paragraphs 3, 5, 8, and 9: The statements in these paragraphs are not hearsay. Paragraph 3 merely describes the Nordstrom Rewards Program in general terms to provide background. Hale Decl. ¶ 3; Supp. Hale Decl. at ¶ 2; *Gonzalez v. City of Fife, Wash.*, 2008 WL 2482010, at *4 (W.D. Wash. June 17, 2008) ("These declarations provide general background information. Plaintiff has failed to show that either of these assertions are inadmissible hearsay."). Paragraph 5 describes and attaches the 2018 Terms and Nordstrom's 2018 privacy policy, neither of which constitute hearsay because they are contracts. Hale Decl. ¶ 5; Supp. Hale Decl. at ¶ 2; *U.S. v. Rubier*, 651 F.2d 628, 630 (9th Cir. 1981) ("Facts of independent legal significance constituting a contract which is at issue are not hearsay."); *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000) ("The Policy is, therefore, excluded from the definition of hearsay and is admissible evidence because it is a legally operative document that defines the rights and liabilities of the parties in this case."). Paragraphs 8 and 9 describe emails Plaintiff received from Nordstrom and the fact that Plaintiff did not issue a notice to Nordstrom opting out of the Terms' arbitration provisions. Hale Decl. ¶¶ 8-9; Supp. Hale Decl. at ¶ 2. These statements go directly toward notice and the existence of contract, none of which constitute hearsay. *Milgard Mfg., Inc.*, 2015 WL 4898902, at *2; *Rubier*, 651 F.2d at 630; *Stuart*, 217 F.3d at 1154.

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 6
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1    Accordingly, Plaintiff's motion to strike portions of the Hale Declaration should be

2    denied.[3]

3    **D.    Nordstrom's In-Store Signs and Brochure Provided Additional Notice of the Terms.**

4    At the time of the transaction, Nordstrom retail locations—including the location where

5    Plaintiff made a purchase on May 29, 2018—had both in-store signs and brochures advertising the

6    Nordstrom Rewards Program and referring to its terms. Plaintiff suggests that it is not sufficient

7    for Nordstrom to refer to versions of brochures and in-store signs that would have been available

8    on March 29, 2018 (rather than attach the exact brochure and sign in the retail location where

9    Plaintiff shopped). Opp. at 4. But this District examined the same type of evidence in compelling

10   arbitration in *Dougan v. Children's Place, Inc.*:

> In 2018, TCP's standard operating procedure in its Washington stores for enrolling
> customers in the MPR Program required TCP's sales associates to ask a customer
> if she was already a Program member or wanted to become a member before
> ringing up the customer's sales transaction. According to TCP, a customer who
> wanted to enroll in the Program would provide her name and contact information,
> including email address, to the sales associate. The sales associate would then hand
> the customer a printed copy of a brochure containing the MPR Program terms and
> conditions ("MPR Brochure") along with an enrollment receipt. Printed copies of
> the MPR Brochure were also displayed and available in stands at each cash register
> in the store.

11

12

13

14

15

16   2020 WL 6286812, at *2 (W.D. Wash. Oct. 27, 2020) (citations omitted). This District's decision

17   in *Dougan* is squarely on point, *see* Mot. at 9-10, and Plaintiff's attempt to distinguish it fails.

18   First, Plaintiff attempts to draw "differences" between her claims and *Dougan* that do not

19   exist. *See* Opp. at 6. While the brochure and in-store signage at issue in *Dougan* may not have been

20   the same as those available to Plaintiff, the point remains the same. As in *Dougan*, Plaintiff here

21   had multiple sources of notice that terms and conditions governed the Nordstrom Rewards

22   Program. Specifically, the Rewards Program was advertised through in-store signs that pointed

23   interested customers to a salesperson or the Rewards Program website and further advised that

24

25   ---
[3] Plaintiff's reliance on *Ligeri v. Amazon.com Inc.*, 2024 WL 839231 (D. Conn. Feb. 28, 2024), does not compel a

26   different outcome. Opp. at 4. *Ligeri* was concerned with representations as to the terms of the agreements to arbitrate
     themselves that were at issue. 2024 WL 839231, at *3. There is no dispute here as to what the contents of the 2018
     Terms and 2023 Terms state. *See* Hale Decl. Exs. C & G.

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 7
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

"Restrictions apply," Nordstrom's sales associates kept copies of the Terms at the register, and prospective Rewards Members received a brochure that also contained the website address for customers to review the Terms on Nordstrom's website. Hale Decl. ¶¶ 4, 6[4]; *see also Dougan*, 2020 WL 6286812, at *1-2. Moreover, Plaintiff here affirmatively assented to the Terms and then had ***sixty days*** to review the 2018 Terms and opt out of the arbitration provisions. Mot. at 4-5; Hale Decl. Ex. C at 10.

Second, though *Dougan* was certified for interlocutory appeal (Opp. at 6), the decision remains good law, and the Ninth Circuit denied the appellant's petition for permission to appeal. *See Dougan v. Children's Place, Inc.*, No. 21-80014 (9th Cir.).

Third, the cases upon which Plaintiff relies are inapposite. Opp. 5-6, 7. In arguing *Dougan* was "wrongfully decided" (Opp. at 6), Plaintiff relies on cases limited to the question of terms being provided via e-mail—a form of notice not at issue in Nordstrom's Motion—or otherwise buried, an argument Plaintiff does not make. Opp. at 6 (citing *Hunichen v. Atonomi LLC,* 2019 WL 7758597 (W.D. Wash. Oct. 28, 2019), *report and recommendation adopted,* 2020 WL 1929372 (W.D. Wash. Apr. 21, 2020); *Schnabel v. Trilegiant Corp.,* 697 F.3d 110 (2d Cir. 2012); *Wilson v. Huuuge, Inc.*, 944 F.3d 1212 (9th Cir. 2019)).

*Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.,* is a Second Circuit case decided under California law. 999 F.3d 828 (2d Cir. 2021). At issue was a single reference to the relevant terms, *id.* at 830-31, but Plaintiff here had notice of the Terms through in-store signs, a brochure, and the point-of-sale enrollment screen through which Plaintiff agreed to be bound by the Terms and enroll in the Rewards Program. Moreover, there is no suggestion the plaintiff in *Soliman* had the option to opt out of the arbitration provisions.

---

[4] The URL on the in-store sign would have led a customer in May 2018 to the Nordstrom Rewards Program homepage, which in turn had hyperlink to the applicable Terms. *See* Hale Decl. ¶ 4. The URL on the brochure would have led a customer at that time directly to the Nordstrom Rewards Program Terms. *Id.* at ¶ 6. Plaintiff's suggestion that Nordstrom "does not produce images" of the 2018 Terms (Opp. at 5) is nonsense. Nordstrom provided an authenticated copy of the 2018 Terms, which are the terms to which the brochure's URL provided would have redirected visitors in May 2018. *See* Hale Decl. ¶ 6, Ex. C.

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 8
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

*Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756 (9th Cir. 1997) was decided under Arizona civil rights law and the Americans with Disabilities Act. Again, there is no suggestion that plaintiff had the same opportunity to opt out of the arbitration provisions as Plaintiff did here, and at issue was the nature of the plaintiff's acknowledgement of the terms. Specifically, that plaintiff "agreed only to 'read and understand' the Handbook," which was characterized as a "guideline," and "[h]e did not agree to be bound by its provisions." *Id.* at 761. No such language is present in the Terms here, which are indisputably a contract between the parties.

Finally, *Burnett v. Pagliacci Pizza, Inc.*, 196 Wash.2d 38 (2020) is decided under Washington employment law where key to the Court's holding that there was no arbitration agreement was that an employer could not "foist an arbitration agreement on an employee simply by including an arbitration clause in an employee handbook that is provided to the employee." *Id.* at 53. And, unlike here, there is no suggestion the plaintiff in *Burnett* had the opportunity to opt out of the arbitration provisions.

**E.    Plaintiff's Claims Are Subject to the Arbitration Agreement.**

**1.    The Parties Agreed That the Issue of Arbitrability Must Go to the Arbitrator.**

Plaintiff cannot refute the fact that the parties delegated the question of arbitrability to the arbitrator.  First, Plaintiff mischaracterizes Nordstrom's argument and the Terms. The Terms do more than merely "incorporate the AAA's rules" (Opp. at 8)—they also expressly delegate arbitrability to the arbitrator. *See* Hale Decl. Ex. G, 2023 Terms at 12 ("the arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any Dispute relating to the interpretation, applicability, enforceability, or formation of this Dispute Resolution section including, but not limited to, a claim that all or any part of it is void or voidable."); Hale Decl. Ex. C, 2018 Terms at 10 (any dispute must be resolved by "individual arbitration" and any "Rewards Dispute" determined by the arbitrator "includes disputes about the validity, enforceability or scope of this arbitration provision."); *see also* Mot. at 13. Plaintiff does not even attempt to address this provision in the Terms, or dispute the controlling authority that "if a valid

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 9
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

[arbitration] agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019). And Plaintiff's failure to respond to this argument concedes the issue. *See Alcantar*, 2023 WL 6389339, at *5 ("Failure to respond to Defendants' [summary judgment] argument in this regard constitutes waiver.").

Second, Plaintiff mischaracterizes *Brennan v. Opus Bank* (Opp. at 8), which notes that "virtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." 796 F.3d 1125, 1130 (9th Cir. 2015). Plaintiff tries to limit *Brennan* to solely those cases involving two sophisticated parties but *Brennan* expressly held that the holding "should not be interpreted to require that the contracting parties be sophisticated or that the contract be 'commercial' before a court may conclude that incorporation of the AAA rules constitutes 'clear and unmistakable' evidence of the parties' intent." *Id.* The *Brennan* holding expressly "does not foreclose the possibility that this rule ***could also apply to unsophisticated parties*** or to consumer contracts." *Id.* (emphasis added).

### 2. The 2018 Terms and 2023 Terms Both Encompass Plaintiff's Claims.

Plaintiff argues "this case has nothing to do with the Rewards Program at all" and that therefore the Terms would not govern this dispute. Opp. at 7-8. Plaintiff acknowledges that the 2018 Terms' arbitration provisions broadly govern "any claim or controversy between [Nordstrom and Plaintiff] that in any way arises from or relates to the Program." *Id.* (citing Hale Decl. Ex. C). Plaintiff's claims in this lawsuit are based on emails Plaintiff received from Nordstrom (Compl. at ¶ 1)—emails that Plaintiff received specifically because of her enrollment in Nordstrom's Rewards Program. Plaintiff's claims therefore indisputably "arise[] from or relate[] to" her participation in the Rewards Program.

Similarly, the 2023 Terms' arbitration provisions encompass "all claims, controversies, or disputes between [Plaintiff] and Nordstrom . . . including, without limitation, such claims,

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 10
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

controversies, or disputes arising out of or relating to any aspect of the relationship between you and Nordstrom." Hale Decl. Ex. G at 11. Thus, under both the 2018 Terms and 2023 Terms, this dispute must be arbitrated. Yet Plaintiff claims her dispute has nothing to do with the Nordstrom Rewards Program because "[n]o membership in the Rewards Program was needed to receive emails from Defendant." Opp. at 8. This argument strains all credulity.

Plaintiff, who does not deny she enrolled in the Nordstrom Rewards Program and agreed to the Terms, cannot avoid that reality by raising a hypothetical situation that did not take place. The Terms make clear that in enrolling to be a loyalty program member, Plaintiff would be enrolled to receive marking emails from Nordstrom. The 2018 Terms stated that "you will also be enrolled to receive marketing emails and phone calls from us." Hale Decl. Ex. C at 8-9. The 2023 Terms likewise stated that when "you enroll in the Program and provide us your email address, you are opting in to receiving marketing emails from us." Hale Decl. Ex. G at 3. In sum, Plaintiff would not have received Nordstrom emails that are the subject of her claims but for her participation in the Nordstrom Rewards Program. Her claim therefore falls squarely within the Terms' scope.[5]

### III.    CONCLUSION

For the foregoing reasons, Nordstrom respectfully requests the Court enter an order compelling Plaintiff to engage in individual arbitration, and staying these proceedings pending the outcome of the arbitration.

---

[5] Under both the 2018 Terms and the 2023 Terms, Plaintiff's claims must be arbitrated. Plaintiff does not address this District's prior holdings that "Washington and Ninth Circuit courts have a history of enforcing contracts containing change-in-terms provisions." *Ekin v. Amazon Servs., LLC*, 84 F. Supp. 3d 1172, 1175 (W.D. Wash. 2014) (collecting cases); *id.* (compelling arbitration where "Amazon expressly reserves the right to change, without notice, consent, or a refund, its Prime T & Cs and general COU"); *see also Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2015 WL 11233144, at *3-4 (W.D. Wash. Feb. 10, 2015) (citing additional cases). Mot. at 5 n. 2.

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 11
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Respectfully submitted, this 26th day of July, 2024.

DLA PIPER LLP (US)

*s/ Austin Rainwater*

Austin Rainwater, WSBA No. 41904
Jeffrey DeGroot, WSBA No. 46839
Virginia Weeks, WSBA No. 55007
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel:     206.839.4800
E-mail: austin.rainwater@us.dlapiper.com
jeffrey.degroot@us.dlapiper.com
virginia.weeks@us.dlapiper.com

AND

Isabelle L. Ord, *pro hac vice*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
E-mail:  isabelle.ord@us.dlapiper.com

*Attorneys for Defendant Nordstrom, Inc.*

I certify that this memorandum contains 4,128 words in compliance with the Local Civil Rules

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 12
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on July 26, 2024 I electronically filed the foregoing document with the

3

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

4

attorneys of record for the parties.

5

Dated this 26th day of July, 2024.

6

7

8

*s/ Jacey Bittle*
Jacey Bittle, Legal Administrative Assistant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NORDSTROM INC.'S REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION - 13
Case No. 2:23-cv-01875

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800